IN THE IOWA DISTRICT COURT IN AND FOR BLACK HAWK COUNTY

| | |
|---|---|
| MARCELINO ALVAREZ-VICTORIANO,<br><br>          Plaintiff(s)<br><br>Vs.<br><br>CITY OF WATERLOO, C.J. Nichols,<br>in his individual and official<br>capacity as officer of WATERLOO<br>POLICE DEPARTMENT, a<br>governmental subdivision of the<br>CITY OF WATERLOO,<br><br>          Defendant(s) | Case No. <u>CVCV147497</u><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT(S):

You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant(s) in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The name(s) and address(es) of the attorney(s) for the Plaintiff(s) (is)(are) Molly M. Hamilton, 12345 University Ave., Suite 307, Clive, IA 50325. The attorney's phone number is (515) 309-3536 and facsimile number is (515) 309-3537.

You are further notified that the above case has been filed in a county that utilizes electronic filing. Unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file a motion or answer, in the Iowa District Court for Black Hawk County, at the courthouse in Waterloo, Iowa 50703, judgment by default will be rendered against you for the relief demanded in the petition. Please see Iowa Court Rules Chapter 16 for information on electronic filing and Iowa Court Rules Chapter 16, division VI regarding the protection of personal information in court filings.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (319) 833-3332. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942)

**IMPORTANT**: YOU ARE ADVISED TO SEEK LEGAL ADVICE TO PROTECT YOUR INTERESTS.

# Iowa Judicial Branch

| | |
|---|---|
| *Case No.* | **CVCV147497** |
| *County* | **Black Hawk** |

*Case Title*  **MARCELINO ALVAREZ VICTORIANO VS CITY OF WATERLOO**

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(319) 833-3332** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **03/16/2023 10:51:17 AM**



*District Clerk of Court or/by Clerk's Designee of*  Black Hawk      *County*
**/s/ Janell Slight**

IN THE IOWA DISTRICT COURT IN AND FOR BLACK HAWK COUNTY

| | |
|---|---|
| MARCELINO ALVAREZ-VICTORIANO,<br><br>          Plaintiff(s)<br><br>Vs.<br><br>CITY OF WATERLOO, C.J. NICHOLS,<br>in his individual and official<br>capacity as officer of WATERLOO<br>POLICE DEPARTMENT, a<br>governmental subdivision of the<br>CITY OF WATERLOO,<br><br>          Defendant(s) | Case No. <u>CVCV147497</u><br><br>**PETITION AT LAW AND JURY DEMAND** |

COMES NOW the Plaintiff and in support of his Petition at Law and Jury Demand states the following:

1.     The Plaintiff is and was a resident of Waterloo, Black Hawk County, Iowa, at all relevant times.

2.     Defendant City of Waterloo is a municipal corporation located in Black Hawk County, operating under a home rule form of government and maintains a police department which operates under, and administers, a set of law enforcement policies, practices, and customs involving hiring, training, and supervision of its officers. The polices, practices, and customs include training in the use of force and on the street encounters with civilians as well as the proper basis and procedure for effectuation an arrest without using excessive force.

3. Defendant C.J. Nichols was a police officer employed by the City of Waterloo and was acting in the scope of his employment and in his official capacity as an agent, officer, and employee of the City of Waterloo and was acting under color of state law at all times during his encounter with the Plaintiff.

4. On or about April 7, 2021, sometime after 12:52 a.m. Officer Nichols responded to a scene in the area of Commercial Street and West 6th Street, Waterloo, Iowa, where two other law enforcement officers were already on the scene.

5. The two other law enforcement officers were Black Hawk County Sheriff Deputies and had responded to the area due to a 911-call to the Communications Center about a male subject who was walking down Commercial Street with a rifle or shotgun.

6. The caller did not allege the Plaintiff was threatening any individual with the weapon he was alleged to have in his possession at the time of the 911 call.

7. A Black Hawk County deputy Blake Dodd was the first officer to arrive to the scene of 6th and Commercial, Waterloo.

8. The area of 6th and Commercial Avenue, Waterloo, is a mix of industrial and commercial use.

9. When Deputy Dodd approached the Plaintiff, the Plaintiff was standing on West Sixth Avenue at the location the street traverses over the Cedar River.

10. According to Deputy Dodd when he approached the Plaintiff upon exit from his vehicle, the Plaintiff's back was toward Dodd and Dodd could see a long gun on the wall next to the Plaintiff.

11. Deputy Dodd did not identify himself to the Plaintiff.

12. Deputy Dodd described the Plaintiff as "aggressive" and "advancing towards him" and "ready to fire."

13. No where in the Black Hawk County Attorney Review of Force Report does Deputy Dodd state the Plaintiff raised his gun toward in a shooting stance or aim the weapon directly at Deputy Dodd ready to fire.

14. In the criminal charging document, Officer Scott Reger stated that the Plaintiff grabbed what appeared to be a long gun and pointed it at the deputy.

15. Deputy Dodd stated that the Plaintiff was speaking but his speech was not decipherable.

16. A second Black Hawk County deputy, Matthew Isley, arrived to the scene, and attempted to strike the Plaintiff with his vehicle.

17. Deputy Dodd lost direct line of vision between himself and the Plaintiff during the course of Deputy Isley's

vehicle maneuver and thought that the Plaintiff had been hit by Isley's vehicle.

18. Deputy Dodd then saw the Plaintiff by the driver's door of his vehicle, so Dodd moved to the back passenger side.

19. Next the Plaintiff moved to the back of the vehicle and when the Plaintiff was at the back of the vehicle, a third officer arrived to the scene.

20. Defendant C.J. Nichols arrived to the scene and without putting his vehicle in park, unracked his shotgun, disengaged the safety, and shot the Plaintiff through the windshield of Officer Nichols patrol vehicle.

21. According to the Black Hawk County Attorney Review of Force Report, when Defendant Nichols arrived on the scene, Deputy Dodd was crouched near his patrol vehicle and the Plaintiff raised the weapon in Deputy Dodd's direction.

22. However, the criminal charging document states that the Plaintiff "shouldered his weapon at him" through the back of Dodd's patrol vehicle.

23. However, the photographs attached to Black Hawk County Attorney review of force show that the Plaintiff fell to the ground face first and was shot in the back.



24.   As soon the Defendant shot the Plaintiff, he placed his vehicle in park and exited the vehicle, he saw the Plaintiff roll onto his right side and raise his right arm so he fired additional shots at the Plaintiff.

25.   While the Defendant continued to shoot his rifle at the Plaintiff, the Defendant attempted to retreat and fell down before returning to the safety of his patrol vehicle.

26.   Deputy Dodd approached the Plaintiff and kicked the weapon out of the Plaintiff's reach and it was only at this time that the Defendant recognized the weapon was not a working firearm but an air gun.

27.    The Defendant stated that it was only after he retreated back to his patrol vehicle and Deputy Dodd approached the Plaintiff to "kick away" the weapon did the Defendant realize that the Plaintiff's weapon was not a real and working firearm but an "airgun."

28.    However, this retreat position is approximately the same distance or greater distance from the Plaintiff than the Defendant had when he arrived to the scene and shot the Plaintiff threw the windshield of his patrol vehicle.



29. The Plaintiff was transported to UnityPoint Allen Hospital in Waterloo for treatment of his multiple gunshot wounds.

30. He was transferred to the University of Iowa Hospitals and Clinics in Iowa City due to the severity of his injuries and was hospitalized there from April 7, 2021 until July 8, 2021.

31. As a result of the gunshot wounds inflicted on the Plaintiff by Defendant Nichols on April 7, 2021, the Plaintiff is wheelchair-confined paraplegic.

32. Since the Plaintiff's discharge from University of Iowa Hospitals and Clinics on July 8, 2021, the Plaintiff has been hospitalized multiple times for reasons related to his injuries inflicted by Defendant Nichols.

33. The Plaintiff has had multiple episodes of sacral decubitus ulcers, infections, and now is dependent on a colostomy.

34. Clearly established law at the time of event described herein included Iowa Code Section 804.8 "Use of force by peace officer making an arrest."

> 1. A peace officer, while making a lawful arrest, is justified in the use of any force which the peace officer reasonably believes to be necessary to effect the arrest or to defend any person from bodily harm while making the

arrest. However, the use of deadly force or a chokehold is only justified when a person cannot be captured any other way and either of the following apply:

    a. The person has used or threatened to use deadly force in committing a felony.

    b. The peace officer reasonably believes the person would use deadly force against any person unless immediately apprehended.

2. A peace officer making an arrest pursuant to an invalid warrant is justified in the use of any force which the peace officer would be justified in using if the warrant were valid, unless the peace officer knows the warrant is invalid. [..].

35. Clearly established law at the time of the events described herein, also included Iowa Code Section 704.1 "Reasonable Force." [T]hat force and no more which a reasonable person in like circumstances, would judge to be necessary to prevent an injury or less and can include deadly force if it is reasonable to believe that such force is necessary to avoid injury

or risk to one's life or safety or the life or safety or another, or it is reasonable to believe that such force is necessary to resist a like force or threat.

36. Clearly established law at the time of events described herein included Iowa Code Section 704.2 that defines deadly force. Deadly force means any of the following:

a. Force used for the purpose of causing serious injury.

b. Force which the actor knows or reasonably should know will create a strong probability that serious injury will result.

c. The discharge of a firearm, other than a firearm loaded with less lethal munitions and discharged by a peace officer, corrections officer, or corrections official in the line of duty, in the direction of some person with the knowledge of the person's presence there, even though no intent to inflict serious physical injury can be shown.

d. The discharge of a firearm, other than a firearm loaded with less lethal munitions and discharged by a peace officer, corrections officer, or corrections official in the line

of duty, at a vehicle in which a person is known to be.

1. "Deadly force" does not include a threat to cause serious injury or death, by the production, display, or brandishing of a deadly weapon, as long as the actions of the person are limited to creating an expectation that the person may use deadly force to defend oneself, another or otherwise authorized by law.

2. As used in this section, "less lethal munitions means projectiles which are designed to stun, temporarily incapacitate, or cause temporary discomfort to a person without penetrating the person's body.

37. On April 7, 2021, a private citizen called 911 to report the Plaintiff was walking towards downtown with a firearm. There is nothing in this report that suggests the Plaintiff was committing or about to commit a felony.

38. Prior to Defendant Nichols' arrival to the scene, two other law enforcement officers were at the scene and engaged with the Plaintiff.

39.   These two officers: Deputy Dodd and Deputy Isley had not and did not fire their weapons at the Plaintiff at anytime on April 7, 2021.

40.   Deputies Dodd and Isley did not fire their weapons and used less than deadly force because deadly force was not necessary because the Plaintiff had not committed a felony nor placed the deputies in imminent threat of bodily harm.

41.   Deputies Dodd and Isley utilized de-escalation tactics and the Plaintiff responded in a way that his behavior did not escalate in aggressiveness or in ways that threatened the officers.

42.   At the time the Plaintiff was shot by Defendant Nichols he was facing away from all three law enforcement officers at the scene which would make it impossible for him to point the airgun directly at any of the officers, including the Defendant, and the distance between the Plaintiff and Defendant when he was shot was the same distance when the Defendant realized the Plaintiff's airgun was not a real weapon, therefore, the Defendant could have become aware of this fact when he first arrived to the scene had the Defendant observed the Plaintiff.

43.   None of the criteria identified under Iowa law justified the use of deadly force by Defendant Nichols as inflicted upon the Plaintiff because the Defendant had no reason to believe

the Plaintiff would use or was threatening to use deadly force in committing a felony; or that Defendant Nichols reasonably believed that the Plaintiff would use deadly force against him or any other person if not immediately apprehended.

### COUNT ONE-EXCESSIVE FORCE ARTICLE I, SECTION 8 OF THE IOWA CONSTITUTION -AGAINST DEFENDANT NICHOLS AND CITY OF WATERLOO

44. Plaintiff incorporates paragraphs 1 through 43 as though fully set forth herein.

45. Defendant Nichols fired his weapon at the Plaintiff in an unreasonable, unnecessary and/or reckless manner, resulting in permanent injury to the Plaintiff.

46. Defendant Nichols' use of excessive force in causing the permanent injury to the Plaintiff was in violation of the Constitution of the State of Iowa, Article I, Section 8.

47. Defendant Nichols acted under color of law, violated the rights of the Plaintiff to be free from the use of excessive force in being placed under arrest as guarantee by the unreasonable seizure clause of Article I, Section 8 of the Iowa Constitution.

48. Defendant Nicholas caused damages to the Plaintiffs by the use of excessive in effectuating the permanent injuries to the Plaintiff in violation of the rights guarantee by Article I, Section 8 of the Iowa Constitution.

49. The constitutional violations herein alleged were clearly established at the time Defendant Nichols shot and injured the Plaintiff.

50. The Defendant City of Waterloo is responsible the wrongful conduct of Defendant Nichols pursuant to the doctrine of *respondeat superior*.

51. The Defendants acts and omissions are the proximate cause of the Plaintiff's injuries and damages and as a result, the Plaintiff has suffered the following damages:

        a.   Past physical and mental pain and suffering

        b.   Future physical and mental pain and suffering

        c.   Past loss of bodily function and disability

        d.   Future loss of bodily function and permanent disability

        e.   Past medical expenses, and

        f.   Future medical expenses.

52. In addition to actual damages, the Plaintiff is entitled to an award of exemplary damages because of Defendant Nichols' reckless conduct.

53. The Plaintiff has been damaged for the reasons set out above and as a result therefore, are entitled to fair and reasonable compensation in excess of the minimum required for district court.

WHEREFORE, the Plaintiff prays for judgement against the Defendant Nichols, individually and acting with the scope of his authority as a law enforcement officer for the Defendant City of Waterloo in an amount which will reasonably compensate the Plaintiff for all damages, for attorneys' fees as allowed by law; for interest and costs as allowed by law, for punitive damages against the Defendant Nichols and for such other relief as the Court may deem equitable.

### COUNT TWO-NEGLIGENCE IOWA LAW AGAINST DEFENDANTS NICHOLS AND CITY OF WATERLOO

54. The Plaintiff incorporates by reference paragraphs 1-53.

55. Defendant Nichols owed the Plaintiff a duty to act with all due care in the use of deadly force; to conform to an objectively reasonable standard of conduct regarding when, where and under what circumstances the use of deadly force is warranted; and to not deprive the Plaintiff of his inalienable right to enjoy his life.

56. Defendant Nichols owed the Plaintiff a duty to not act recklessly in conducting the seizure of the Plaintiff.

57. Defendant Nichols breached that duty by discharging his service weapon at the Plaintiff when the Plaintiff did not

pose an imminent threat to Defendant Nichols or the other officers at the scene.

58. The Defendant City of Waterloo owed the Plaintiff a duty to have in place reasonable policies and procedures regarding the use of deadly force, and/or to properly train and supervise its law enforcement officers, including the Defendant Nichols, in an objectively reasonable standard of conduct regarding when, where, and under what circumstances use of deadly force is warranted.

59. At all times relevant hereto Defendant Nichols acted as an agent of Defendant City of Waterloo and within the scope of his authority as a police officer.

60. In the alternative, should any claims by the Defendants of immunity and/or qualified immunity for acts within the scope of Nichols' authority be found to be legitimate, then the Plaintiff pleads in the alternative that Defendant Nichols acted outside the scope of that authority and/or Defendant Nichols' reckless conduct is not covered by any immunity and/or qualified immunity.

61. Upon information and belief, the Defendant City of Waterloo carries liability insurance or is otherwise insured for the type of losses described herein through a group risk retention plan that acts as a liability insurance, that cover the wrongful

acts of the police department and its officers. Therefore, pursuant to Iowa Code Section 670.7(2) any claims of immunity for the common law wrongful conduct alleged in this case have been waived. I.C.A. 670.7(2).

62. The Defendants' acts and omissions are the proximate cause of the Plaintiff's injuries and a result the Plaintiff has been damaged in the following ways:

       a. Past physical and mental pain and suffering

       b. Future physical and mental pain and suffering

       c. Past loss of bodily function and disability

       d. Future loss of bodily function and permanent disability

       e. Past medical expenses, and

       f. Future medical expenses.

63. The Plaintiff has been damages for the reasons set out above and as a result thereof, are entitled to fair and reasonable compensation at or above the minimum required for district court.

## COUNT THREE- 42 U.S.C. § 1983 AGAINST DEFENDANT NICHOLS

64. The Plaintiff incorporates by reference paragraphs 1-53.

65. Defendant Nichols seized the Plaintiff when he shot the Plaintiff in the back and in the hand.

66. The seizure was objectively unreasonable because the Plaintiff did not pose an imminent threat of bodily harm to the other officers at the scene.

67. The Plaintiff did not pose a threat because he was shot in the back and photographs from the Defendant's body-worn camera show the Plaintiff lying face down on the ground.

68. The Plaintiff was paralyzed as a result of the being by the Defendant so the position the Plaintiff is seen lying in, shows he fell from a similar standing position, which is facing away from all officers at the scene.

69. None of the other officers at scene fired their service weapons at the Plaintiff prior to the Defendant shooting the Plaintiff.

70. The Defendant was anticipating a "gun fight" before he even arrived to the scene, and the Defendant did not make any attempt to survey, observe, or otherwise investigate whether or not a situation justifying deadly force was justified when he shot the Plaintiff because the Defendant unracked his service long-rifle and shot the Plaintiff through the windshield before he placed his service vehicle in park.

71. This seizure of the Plaintiff by the Defendant was in direct violation of the Plaintiff's rights under the United States Constitution, IV Amendment.

72. The Defendant was acting under color of state law in that he was uniformed as a police-officer when he shot the Plaintiff, he drove to the scene and shot the Plaintiff while he was sitting in his readily identifiable and decaled City of Waterloo police vehicle, equipped with lights and sirens, and he shot the Plaintiff with his service weapon provided by the City of Waterloo all while on duty and working in the scope of his employment with the City of Waterloo Police Department.

73. The Defendant demonstrated deliberate indifferent to and/or reckless disregard for the Plaintiff's constitutional rights by his unlawful seizure of the Plaintiff.

74. The actions of Defendant Nichols were willful, wanton, unlawful, and in gross disregard of the Plaintiff's civil rights justifying an award of punitive damages.

75. As a direct and proximate result of the Defendant's illegal and unjustified conduct, the Plaintiff was injured and is entitled to recover for what he has suffered in past, will suffer in the future, including: deprivation of constitutional rights, emotional distress, actual and compensatory damages, including but not limited to past and

future pain and suffering, past and future loss of bodily function, past and future medical expenses, punitive damages, attorney fees and litigation costs, all allowable interest.

WHEREFORE, the Plaintiff prays for judgement against the Defendant Nichols, individually and acting with the scope of his authority as a law enforcement officer for the Defendant City of Waterloo in an amount which will reasonably compensate the Plaintiff for all damages, for attorneys' fees as allowed by law (42 U.S.C. § 1988); for interest and costs as allowed by law, for punitive damages against the Defendant Nichols and for such other relief as the Court may deem equitable.

JURY DEMAND

The Plaintiff demands trial by jury.

HAMILTON LAW FIRM. P.C.
12345 UNIVERSITY AVE., SUITE 307
CLIVE, IOWA 50325
(515) 309-3536
(712) 309-3537 (FAX)


BY: _____
MOLLY M. HAMILTON AT0013636
molly@hamiltonlawfirmpc.com
ATTORNEY FOR PLAINTIFF(S)

## AFFIDAVIT OF SERVICE

| Case:<br>CVCV147497 | Court:<br>Iowa District Court | County:<br>Black Hawk County | Job:<br>8634006 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Marcelino Alvarez-Victoriano | | Defendant / Respondent:<br>City of Waterloo, C.J. Nichols, in his individual and official capacity as officer of Waterloo Police Department, a governmental subdivision of the City of Waterloo | |
| Received by:<br>Iowa Process Service | | For:<br>Hamilton Law Firm, P.C. | |
| To be served upon:<br>City of Waterloo c/o Authorized Representative | | | |

I, Edward A. Jones, Jr., being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Martin M. Petersen, City Attorney for City of Waterloo c/o Authorized Representative, 715 Mulberry St, Waterloo, IA 50703

Manner of Service:   Authorized, Apr 4, 2023, 4:22 pm CDT

Documents:   Original Notice and Petition at Law and Jury Demand (Received Mar 30, 2023 at 5:47pm CDT)

Additional Comments:
1) Served: Apr 4, 2023, 4:22 pm CDT at 715 Mulberry St, Waterloo, IA 50703 received by Martin M. Petersen, City Attorney for City of Waterloo c/o Authorized Representative. Age: 58; Ethnicity: Caucasian; Gender: Male; Weight: 210; Height: 6'1"; Hair: Brown

*Subscribed and sworn to before me by the affiant who is personally known to me.*

/s/Edward A. Jones, Jr.          04/06/2023

Edward A. Jones, Jr.          Date

Iowa Process Service
1109 N C St
Indianola, IA 50125

Brandee Kinter

Notary Public

April 6, 2023          12-15-23

Date          Commission Expires

BRANDEE KINTER
Commission Number 807976
My Commission Expires
December 15, 2023

## AFFIDAVIT OF SERVICE

| Case: CVCV147497 | Court: Iowa District Court | County: Black Hawk County | Job: 8634017 |
|---|---|---|---|

| Plaintiff / Petitioner: Marcelino Alvarez-Victoriano | Defendant / Respondent: City of Waterloo, C.J. Nichols, in his individual and official capacity as officer of Waterloo Police Department, a governmental subdivision of the City of Waterloo |
|---|---|

| Received by: Iowa Process Service | For: Hamilton Law Firm, P.C. |
|---|---|

**To be served upon:**
C.J. Nichols, in his individual and official capacity as officer of Waterloo Police Department, a governmental subdivision of the City of Waterloo

I, Edward A. Jones, Jr., being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** C.J. Nichols, in his individual and official capacity as officer of Waterloo Police Department, a governmental subdivision of the City of Waterloo, Place of Employment: Waterloo Police Department: 715 Mulberry St., Waterloo, IA 50703

**Manner of Service:** Personal/Individual, Apr 10, 2023, 5:00 pm CDT

**Documents:** Original Notice and Petition at Law and Jury Demand (Received Mar 30, 2023 at 5:47pm CDT)

**Additional Comments:**
1) Served: Apr 10, 2023, 5:00 pm CDT at Place of Employment: Waterloo Police Department: 715 Mulberry St., Waterloo, IA 50703 received by C.J. Nichols, in his individual and official capacity as officer of Waterloo Police Department, a governmental subdivision of the City of Waterloo. Age: 35; Ethnicity: Caucasian; Gender: Male; Weight: 190; Height: 5'8"; Hair: Brown; Eyes: Hazel

/s/Edward A. Jones., Jr.          04/13/2023

Edward A. Jones, Jr.          **Date**

Iowa Process Service
1109 N C St
Indianola, IA 50125

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Brandee Kinter

Notary Public

April 13, 2023          12-15-23

Date          Commission Expires

BRANDEE KINTER
Commission Number 807976
My Commission Expires
December 15, 2023